Opinion filed July 18, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00028-CV

_____

## IN THE INTEREST OF A.H., F.H., K.H., AND C.H., CHILDREN

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 8829-CX**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of A.H., F.H., K.H., and C.H. The mother filed a notice of appeal. In two issues on appeal, she challenges the legal and factual sufficiency of the evidence. We affirm.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018). To terminate

parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

Here, after a bench trial, the trial court found that Appellant had committed one of the acts listed in Section 161.001(b)(1)—that found in subsection (O). Specifically, the trial court found by clear and convincing evidence that Appellant had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children, who had been in the managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of their removal from Appellant for abuse or neglect. The trial court also found that termination of Appellant's parental rights would be in the best interest of the children. *See* FAM. § 161.001(b)(2).

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the

child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

*Background*

The record reflects that the Department became involved with the family in this case due to the use of methamphetamine by both parents. In July 2017, an intake occurred because the father was acting strangely, perhaps hallucinating, while walking around an apartment complex holding C.H., who was an infant. Both parents appeared to be agitated and under the influence, and they refused to submit to a drug screen at that time. A hair follicle test conducted the next day showed Appellant to be positive for methamphetamine. The father admitted to methamphetamine use, and the results of his hair follicle corroborated his admission. Although the two oldest children's drug tests came back negative, K.H., who was two years old at that time, tested positive for methamphetamine. The Department did not have C.H. tested. The children were removed and placed together in foster care.

After removal, Appellant tested positive for methamphetamine at a level greater than 1500 in every drug test to which she submitted, which included tests in

July 2017, August 2017, November 2017, December 2017, and January 2018. Appellant thereafter refused the Department's requests to submit to drug testing. While the parental termination case was pending, Appellant was arrested a few times and was convicted of the offense of possession of methamphetamine. Appellant's arrests were drug related. Despite her drug problem, Appellant failed to attend drug and alcohol treatment as required by her court-ordered family service plan. She also failed to comply with most of the other provisions of the court-ordered family service plan.

The Department's goal for the children was termination of both parents' parental rights and adoption by various others. The relatives with whom the Department planned to place the three oldest children did not believe that the children would be safe if returned to the parents. The Department believed that termination of both parents' rights would be in the best interest of the children. The children were well-adjusted and were doing well in their placement.

The Department planned for A.H. to be adopted by a paternal aunt, for F.H. and K.H. to be adopted by a paternal uncle, and for C.H. to be adopted by the foster parents with whom he had been placed since he was eighteen days old. Other than the parents, all involved were in favor of this plan. A.H. was excited about going to live with her aunt, and the aunt wanted to adopt A.H. The uncle and his wife indicated that they would be willing to adopt F.H. and K.H. F.H. was interested in being placed with the uncle, and K.H. was too young to really understand what was going on. The foster parents wished to adopt C.H., and C.H., who was eighteen months old at the time of trial, was very bonded with his foster parents. The foster mother, the paternal aunt, and the paternal uncle indicated that they would keep the children in touch with each other.

*Analysis*

In her first issue on appeal, Appellant challenges the legal and factual sufficiency of the evidence to support the finding that termination of her parental rights would be in the best interest of the children. We note that the trier of fact is the sole judge of the credibility of the witnesses at trial and that we are not at liberty to disturb the determinations of the trier of fact as long as those determinations are not unreasonable. *J.P.B.*, 180 S.W.3d at 573. We hold that, based on clear and convincing evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of all four children. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the children (two of whom were too young to express a desire); the emotional and physical needs of the children now and in the future; the emotional and physical danger to the children now and in the future; the parental abilities of Appellant and of the persons that wish to adopt the children; the Department's plans for the children; Appellant's inability to provide a safe home for the children; the stability of the homes into which the Department planned to place the children; Appellant's continued use of methamphetamine; and Appellant's criminal history, we hold that the evidence is legally and factually sufficient to support the finding that termination of Appellant's parental rights is in the best interest of all four children. *See id.* We overrule Appellant's first issue.

In her second issue, Appellant challenges the legal and factual sufficiency of the evidence to support a finding under subsection (O). *See id.* § 161.001(b)(1)(O). The undisputed evidence at trial established that Appellant failed to comply with the provisions of her court-ordered family service plan. The record reflects that the trial

court specifically ordered that Appellant shall participate in a psychological evaluation, shall participate in individual counseling to address the issues that led to the removal of the children and any additional issues identified during counseling sessions, shall refrain from the use of illegal drugs and from any involvement in criminal activity, shall participate in a substance-abuse assessment and comply with any recommendations made by the provider, shall participate in random drug testing, shall complete a parenting-education program, shall maintain stable housing, and shall obtain and maintain a legal source of income.[1]

One of the Department's conservatorship caseworkers specifically testified that Appellant did not participate in counseling, repeatedly tested positive for methamphetamine, did not complete parenting classes, did not stay in contact with the Department, failed to obtain stable housing, failed to obtain employment, and failed to attend drug and alcohol treatment. Furthermore, at the time of the final hearing, the children had been in the Department's care for well over nine months and had been removed from the parents' care due to abuse or neglect. The Texas Supreme Court has held that the language "abuse or neglect of the child" as used in subsection (O) "necessarily includes the risks or threats of the environment in which the child is placed." *In re E.C.R.*, 402 S.W.3d 239, 248 (Tex. 2013). In *E.C.R.*, the court determined that "placing the child's physical health or safety at substantial risk" is sufficient to support a finding of "abuse or neglect." *Id.* at 240. Evidence of the parents' use of methamphetamine while the children were in their care and K.H.'s positive drug test constituted sufficient evidence from which the trial court

---

[1]*See In re N.G.*, No. 18-0508, 2019 WL 2147263, at *6 (Tex. May 17, 2019) (stating that court of appeals must address the specificity of the provisions of the trial court's order, which may include the service plan).

could have determined by clear and convincing evidence that the children had been removed because of a substantial risk of abuse or neglect.

On appeal, Appellant does not assert that she complied with all of the provisions of her court-ordered service plan. Instead, she complains that the Department did not make reasonable efforts to enable her to have the children returned and that the Department and the trial court failed to allow Appellant an extended time to demonstrate that she could properly parent the children. We disagree.

The record reflects that the trial court had previously granted a 180-day extension. Thus, under the applicable statute, the trial court was not able to grant another extension to allow Appellant more time to complete her services. *See* FAM. § 263.401(c) (providing that the trial court may not grant an additional extension and that the trial court loses jurisdiction if the trial does not commence before the dismissal date). Moreover, we note that Appellant did not ask for a continuance or an extension; the father did. The record reflects that the Department attempted to help Appellant but that she continued to make choices detrimental to her ability to have the children returned to her. Furthermore, Appellant did not testify at trial, nor did she present any evidence to prove by a preponderance of the evidence that she was unable to comply with the provisions of her service plan and that she had made a good faith effort to comply but had been unable to comply due to no fault of her own. *See id.* § 161.001(d) (providing that termination is not permitted pursuant to subsection (O) if the parent proves by a preponderance of the evidence that (1) the parent was unable to comply and (2) the parent made a good faith effort to comply and the failure to comply is not attributable to any fault of the parent). Consequently, we hold that the evidence is legally and factually sufficient to support the trial

court's finding under Section 161.001(b)(1)(O). The trial court's finding is supported by clear and convincing evidence, and the trial court could reasonably have formed a firm belief or conviction as to the truth of its finding. We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the trial court's order of termination.


JOHN M. BAILEY

CHIEF JUSTICE


July 18, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.